IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS OF LONDON as subrogee of Duke Energy Corporation and Los Vientos Windpower III, LLC | § § § § § | |
| vs. | § § | CIVIL ACTION NO. 7:17-cv-00173 |
| VESTAS-AMERICAN WIND TECHNOLOGY, INC.; and SGB USA, INC., | § § § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff Certain Underwriters at Lloyds of London as subrogee of both Duke Energy Corporation and Los Vientos Windpower III, LLC in the above-referenced matter, complaining of Defendant Vestas-American Wind Technology, Inc., and SGB USA, Inc. and files this its Second Amended Complaint and in support thereof would respectfully show unto the Court as follows:

**I.
THE PARTIES**

1. Plaintiffs, Certain Underwriters at Lloyd's of London, as subrogee of both Duke Energy Corporation and Los Vientos Windpower III, LLC, is a group of insurance syndicates underwriting out of Lloyd's of London, at 1 Lime Street, London, England EC3M7 HA. At all times material herein, Underwriters had in force and effect an insurance policy (Certificate of Insurance No. WI 134046301) insuring both Duke Energy Corporation, and its affiliated subsidiaries, including but not limited to Los Vientos Windpower III, LLC, its associated companies and/or corporations and/or joint ventures and/or partnerships as now exist, and any other entities, persons, organizations or properties which any of the above have agreed to insure

by written contract. Underwriters was and is authorized to transact the business of insurance in the State of Texas. Underwriters is the real party in interest having made payments to its insureds, Duke Energy Corporation and Los Vientos Windpower III, LLC, pursuant Certificate of Insurance No. WI134046301. Underwriters is legally, contractually, conventionally and/or equitably subrogated to the rights of Duke Energy Corporation and Los Vientos Windpower III, LLC to the extent of Underwriters' payments to same.

2. Defendant Vestas-American Wind Technology, Inc. ("Vestas" or "Defendant Vestas") is a U.S. corporation organized and existing under the laws of the State of California, whose principle place of business is 1417 NW Everett Street, Portland, OR 97209. Defendant has answered and may be served with a copy of this Amended Original Complaint by serving its counsel of record, Cynthia Day Grimes, Strausburger & Price, LLP, 2301 Broadway Street, San Antonio, Texas 78215, Cynthia.grimes@strasburger.com;  Jack Carnegie Strasburger & Price, 909 Fannin Street, Suite 2300, Houston, Texas, jack.carnegie@strasburger.com; and Derek Quick, Strasburger & Price, 720 Brazos Street, Suite 700, Austin, Texas 78701, derek.quick@strasburger.com.

3. Defendant, SGB USA, Inc. (hereinafter "SGB" or "Defendant SGB") is a foreign corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1776 Constitution Avenue, Louisville, Ohio 44641. Defendant SGB has answered and may be served with a copy of this Amended Petition by serving its counsel of record, Randy A. Nelson, Thompson, Coe, Cousins & Irons, L.L.P., 700 N. Pearl Street, Suite 2500, Dallas, Texas 75201.

## II.
## JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff is a foreign citizen and Defendants are U.S. citizens, and the amount in controversy exceeds $75,000, excluding interest and costs. Specifically, Plaintiff is a foreign corporation and not a citizen of Oregon or California. Defendant Vestas-American Wind Technology, Inc. is a U.S. corporation organized and existing under the laws of the State of California, with its principal place of business in Portland, Oregon. Defendant SGB USA, Inc. is a U.S. corporation organized and existing under the laws of the State of Delaware with its principal place of business in Ohio. The amount in controversy is in excess of $75,000. Plaintiff seeks recovery of amounts paid to its insured in the amount of $3,003,354.00 which represents the monetary value of the damage to Plaintiff's wind turbine. Plaintiff also seeks attorneys' fees in addition to this amount. Accordingly, the monetary relief sought by Plaintiff in this action exceeds the minimum jurisdictional limit necessary to confer original jurisdiction over the action under 28 U.S.C. §1332.

## III.
## VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and because the wind turbine project at issue and property at issue are situated in this district. Specifically, the Los Vientos III Project, where the damaged and destroyed wind turbine made the basis of this case is located, is within Starr County, Texas.

## IV.
## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred as required by the Wind Turbine Supply Agreement between Los Vientos Windpower III, LLC and Vestas–American Wind Technology, Inc. dated September 23, 2013.

## V.
## FACTUAL BACKGROUND

7. The Los Vientos III Project is a 200MW wind farm located approximately 100 miles west of Brownsville near Rio Grande City in Starr County, Texas.

8. The Los Vientos III wind farm is comprised of 100 Vestas V110-2.0 MW turbines which were purchased by Los Vientos Windpower III, LLC pursuant to a Wind Turbine Supply Agreement ("TSA") between Los Vientos Windpower III, LLC (Buyer) and Vestas-American Wind Technology, Inc. (Supplier) which was executed on September 23, 2013.

9. Plaintiff refers to and incorporates herein the following confidential provisions of the TSA which is attached hereto as Exhibit "1" under seal.

    3.1    Supplier's Obligations to Perform the Equipment Supply Obligations. (Sub-sections 3.1.1, 3.1.2, and 3.1.3).

\* \* \*

    3.3    Standards of Performance. (Sub-section 3.3.1)

\* \* \*

    3.5    Delivery of Wind Turbine Components (Sub-section 3.5.8)

\* \* \*

    4.1.    Wind Turbine Mechanical Completion (Sub-section 4.1.2)

\* \* \*

  13.2 <u>Defective Parts Warranty</u> (Sub-sections 13.2.1, 13.2.2, 13.2.4

*   *   *

  13.6 <u>Exclusions</u>. (Sub-section 13.6.1)

*   *   *

 **21.** **Dispute Resolution**

  21.1 <u>Referral to Senior Management</u>.
  21.2 <u>Mediation</u>.
  21.3 <u>Arbitration Procedure</u>.
  21.4 <u>Attorneys' Fees</u>.

*   *   *

 **22.** **GENERAL PROVISIONS**

  22.1 <u>Waiver</u>.
  22.2 <u>Right of Waiver</u>.
  22.6 <u>Governing Law</u>.

10. On February 28, 2015, Vestas conducted its investigation and inspection of wind turbine T69 to determine if Mechanical Completion had been achieved and counter-signed and returned to Los Vientos a copy of the Mechanical Completion Certificate certifying that T69 was assembled and installed correctly and ready to begin commercial operations.

11. Wind turbine T69 was subsequently commissioned by Vestas and delivered to Los Vientos Windpower, LLC as a finished and properly installed and functioning wind turbine on March 16, 2015.

12. On March 28, the day before the fire, Vestas shut down wind turbine T69 to change the current set point for a converter, after the converter experienced a fault. The change was supposed to have occurred during commissioning by Vestas, but was apparently missed.

13. On March 29, 2015, while operating at full power and being monitored by Vestas, a fire broke out in wind turbine T69 at the Los Vientos III project.

14. The fire resulted in the complete destruction of wind turbine T69 including, but not limited to, the loss of the nacelle, wind blades and top tower section.

15. A post fire cause and origin investigation was performed by Duke Energy Renewable Services personnel, Plaintiff's forensic experts, and representatives of Vestas.

16. A post fire investigation of the damaged wind turbine determined that the fire originated at the rear of the wind turbine nacelle in the generator transformer.

17. The most probable source of ignition according to both Plaintiff's and Defendant's experts is an electrical fault.

18. Plaintiff would show that the transformer was installed into the nacelle in the Vestas factory and there is no evidence of any modifications to that installation or assembly.

19. Plaintiff would show that there were no turbine modifications performed on wind turbine T69 following commissioning, except those performed, if any, by Vestas.

20. Plaintiff would further show that Vestas inspected the Transformer Room as a part of its Mechanical Completion Checklist Inspection and found no deficiencies with the installation or materials.

21. On April 29, 2015, Los Vientos Windpower III, LLC sent a Warranty Claim Notice Letter to Vestas providing written notice to Vestas of Buyer's Warranty claim under Section 13.2.2 of the TSA for fire damage that occurred on March 29, 2015 to wind turbine T69 as a result of a defect with the transformer.

22.     On October 17, 2016, Vestas sent its Response to Warranty Claim Notice Letter dated April 29, 2015 to Los Vientos Windpower III, LLC c/o Duke Energy denying Los Vientos' claim.

23.     Los Vientos subsequently notified its property insurer, Certain Underwriters at Lloyds of London, of Vestas' refusal to honor its warranty and submitted a claim for payment of the damages under the property insurance policy.

24.     At no time did Los Vientos, or any of its representatives, either in writing or otherwise, ever withdraw its warranty claim against Vestas under Section 13.2.2 of the TSA for damage to T69.

25.     Certain Underwriters at Lloyds issued a policy of insurance to Duke Energy Corporation and its subsidiaries and additional insureds, including Los Vientos Windpower III, LLC, which insured the Los Vientos III Project against damage, loss, and/or peril.

26.     Pursuant to that insurance contract, Los Vientos made a claim to Certain Underwriters for damages resulting from the March 29, 2015 fire at T69.

27.     On March 28, 2017, Certain Underwriters paid damages under the policy, totaling $3,003,354.88.

28.     As a result of that Payment, Certain Underwriters are, contractually, legally, conventionally, and equitably subrogated to the rights of its insureds to the extent of payments made under the Policy.

29.     On May 2, 2017, counsel for Plaintiff sent a written request to counsel for Vestas invoking the terms of the Dispute Resolution procedures in the TSA to which it received no response.

30. On May 5, 2017, counsel for Plaintiff sent a follow up request to Vesta's counsel to resolve this matter pursuant to the terms of the Dispute Resolution procedures in the TSA.

31. To date, Vesta has not agreed to follow or comply with the Dispute Resolution procedures set forth in the TSA.

## VI.
## ALLEGATIONS AS TO VESTAS-AMERICAN WIND TECHNOLOGY, INC.

### COUNT ONE
### (BREACH OF CONTRACT)

32. For its first cause of action against Defendant Vestas, Plaintiff repleads, restates, and realleges the previous paragraphs above as if set forth fully herein, and would further show the Court as follows:

33. Los Vientos and Vestas entered into a lawful contract dated September 23, 2013, wherein Vestas was to supply Turbine Equipment and provide commissioning work for the Los Vientos III Project, which equipment included wind turbine T69.

34. Vestas agreed to sell, procure, supply, deliver and commission the turbine equipment for the Los Vientos III Project.

35. Vestas further agreed to perform its Equipment Supply Obligations and Warranty Obligations in a good and workmanlike manner.

36. Los Vientos has performed all of its obligations under the TSA.

37. Vestas breached the TSA by failing to perform its Mechanical Completion inspection in a good and workmanlike manner, which failure includes, but is not limited to, its failure to identify deficiencies which its own experts now claim may have caused or contributed to the cause of the fire made the basis of this lawsuit.

38. Alternatively, Vestas breached the TSA by supplying defective goods and materials for use in the construction of T69 and by failing to identify those defective goods and materials during its pre-delivery, post-delivery, and Mechanical Completion inspection and its commissioning of the T69 wind turbine.

39. Defendant's aforementioned breaches of the TSA were a direct and proximate cause of the fire made the basis of this lawsuit and both Plaintiff's and Los Vientos' damages.

40. As a result of Defendant's breach of the TSA, Plaintiff and Los Vientos suffered damages as identified herein.

41. Plaintiff would further show that Vestas breached the TSA by failing to engage in the Dispute Resolution procedures after receiving a written request from counsel invoking the TSA's Dispute Resolution procedures.

42. Vestas' refusal to comply with the TSA Dispute Resolution procedures has caused Plaintiff additional damages for this it seeks recovery herein.

## COUNT TWO
### (BREACH OF EXPRESS WARRANTY)

43. For its second cause of action against Defendant Vestas, Plaintiff repleads, restates, and realleges the previous paragraphs above as if set forth fully herein, and would further show the Court as follows:

44. Vestas expressly warranted to Los Vientos that the Warranted Equipment, which included the transformer pre-installed by Vestas in the wind turbine nacelle, would not contain any Defective Parts during the Warranty Term.

45. The fire made the basis of this lawsuit originated at the transformer which was pre-installed by Vestas in the wind turbine nacelle in the Vestas factory.

46. At all times material hereto, the transformer was under the exclusive control of Vestas.

47. As a part of its Mechanical Completion inspection, Vestas inspected the Transformer Room and transformer equipment prior to the failure and confirmed that:

    a. All plastic, tools and debris had been removed;

    b. HV cable was routed and secured in cable tray with cable ties;

    c. HV cable was landed on the transformer according to work instructions;

    d. HV cable was properly torqued and marked with an "X".

    e. HV cables were not severely kinked and checked bending radius;

    f. All HV cable rub points were covered in Nitrile mat;

    g. Inspected all bus bars for damage and confirmed not bent; and

    h. Arc detectors were uncovered and undamaged.

48. Based on the results of Vestas' Mechanical Completion inspection and its own experts' analysis, the fire could only have been caused by a material defect with the transformer.

49. Consequently, Vestas breached its Defective Parts Warranty when it refused to replace wind turbine T69 in response to Los Vientos Windpower, LLC's April 29, 2015 Warranty Claim Notice Letter.

50. As a result of the breach, Los Vientos and Plaintiff sustained direct damage as identified in more detail herein.

## VII.
## ALLEGATIONS AGAINST SGB-USA, INC.
## COUNT I
### (STRICT LIABILITY FOR DEFECTIVE PRODUCT)

51. For its first cause of action against Defendant SGB, Plaintiff repleads, restates, and realleges the previous paragraphs above as if set forth fully herein, and would further show the Court as follows:

52. Defendant SGB is in the business of designing, manufacturing, marketing, selling and distributing power transformers like the ones used in the turbines manufactured by Vestas and used at the Los Vientos III wind farm.

53. The transformers placed into the stream of commerce by SGB, contained design, manufacturing, and/or marketing defects which caused, or contributed to causing the Vestas' turbine to ignite.

54. The transformer left Defendant SGB's possession and control in a defective condition, which made it unreasonably dangerous when put to its reasonably anticipated use.

55. Upon information and belief, the subject transformer was installed in the subject turbine without any change in the product's condition.

56. Once installed, the transformer was never modified, altered or repaired.

57. Defects with the manufacture of the transformer rendered the transformer unreasonably dangerous and unsafe to an extent beyond that which would be contemplated by the ordinary consumer with the knowledge common to the community.

58. The defect in the transformer was a producing cause of the March 29, 2015 fire and resulting damages.

59. At all times relevant hereto, Duke Energy Renewable Services used the turbine with its component parts, including the transformer manufactured by SGB, in accordance with the instructions and in a manner reasonably foreseeable by SGB.

## VIII.
## ATTORNEY FEES

60. Plaintiff is entitled to recover reasonable and necessary attorney fees under the terms of the TSA.

61. Plaintiff retained counsel, who presented Plaintiff's claims to Defendant Vestas. Vestas did not tender the amount owed and did not agree to follow the Dispute Resolution procedures in the contract.

62. Plaintiff has complied with all conditions precedent.

## IX.
## JURY DEMAND

63. Plaintiff, Certain Underwriters, asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Certain Underwriters at Lloyds of London as subrogee of both Duke Energy Corporation and Los Vientos Windpower III, LLC prays that Defendants Vestas-American Wind Technology, Inc. and SGB USA, Inc. take notice of the filing of Plaintiff's Second Amended Complaint and that, upon a final hearing, the Court enter a judgment in favor of Plaintiff against Defendants for all damages, reasonable attorneys' fees, reasonable paralegal fees, prejudgment interest at the highest legal rate, post-judgment

interest at the highest legal rate, court costs, and for such other and further relief, general or special, both at law and in equity, to which Plaintiff may show itself to be justly entitled.

        Respectfully submitted,

        */s/ James D. Dendinger*

JAMES D. DENDINGER
Texas Bar No. 24004366
MARCOS HAZAN-COHEN
Texas Bar No. 24012807
**COZEN O'CONNOR**
1717 Main Street, Suite 3400
Dallas, TX 75201-7335
214-462-3000, telephone
214-462-3299, facsimile
JDendinger@cozen.com
MHCohen@cozen.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On this 1st day of August, 2017, I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via e-filing as referenced below:

Cynthia Day Grimes
Strasburger & Price, LLP
2301 Broadway Street
San Antonio, Texas 78215-1157
Cynthia.grimes@strasburger.com
ATTORNEY FOR DEFENDANT VESTA-AMERICAN WIND TECHNOLOGY, INC.

Derek Quick
Strasburger & Price LLP
720 Brazos Street, Suite 700
Austin, Texas 78701-2974
Derek.quick@strasburger.com
ATTORNEY FOR DEFENDANT VESTA-AMERICAN WIND TECHNOLOGY, INC.

Jack Carnegie
Strasburger & Price, LLP
909 Fannin Street, Suite 2300
Houston, TX 77010
Jack.carnegie@strasburger.com
ATTORNEY FOR DEFENDANT VESTA-AMERICAN WIND TECHNOLOGY, INC.

Randy Nelson
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl Street, Suite 2500
Dallas, Texas 75201
ATTORNEY FOR DEFENDANT SGB USA, INC.

_/s/ James D. Dendinger_
James D. Dendinger